ORIGINAL

FILED
U.S. DIST. COURT
SAVANNAH DIV.
2007 JUN 22 P 4: 41
CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## STATESBORO DIVISION

| | |
|---|---|
| CURTIS RAY BALLOU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV606-109 |
| ) | |
| HUGH SMITH, Warden, ) | |
| LISA WARTERS, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff has filed a motion to add the following parties: Dr. Jones, P.A. Hiller, Paula Anderson, Nurse Harris, and Nurse Butler. Doc. 17. Plaintiff's motion is GRANTED as to Jones, Hiller, and Anderson and DENIED as to Harris and Butler. Fed. R. Civ. P. 15(a).

Plaintiff, who has been incarcerated at the Georgia State Penitentiary since 2004, states that he has had a "soft shoe profile" for approximately eight years, with his current profile valid through March 20, 2008. Doc. 17. Plaintiff alleges that Dr. Jones ordered the soft shoe

profile but refused to order shoes for plaintiff, before finally relenting and placing an order for soft shoes on December 19, 2006. Id. Plaintiff alleges that P.A. Hiller has also stated that plaintiff must provide his own soft shoes. Id. Paula Anderson is allegedly the "supply personal" [sic] who places the orders for the prison doctors. Id. Plaintiff alleges that on three separate occasions Anderson failed to order shoes for plaintiff despite her knowledge of Dr. Jones's order of 12/19/2006 and despite her repeated promises to order the shoes. Id.

In its earlier Report and Recommendation, the Court held that the "[d]enial of soft shoes to a prisoner who has a serious medical condition requiring the use of specialized footwear constitutes a violation of the plaintiff's Eighth Amendment rights." Doc. 10, citing Bismark v. Lang, 2006 WL 1119 189 (M.D. Fla. Apr. 26, 2006). Plaintiff implies that defendants Jones, Hiller, and Anderson have the authority to get him soft shoes, but states that each has either refused or failed to do so. Doc. 17; see also Haines v. Kerner, 404 U.S. 519 (1972) (the complaint of a pro se plaintiff is held to a less stringent standard). Therefore, plaintiff is entitled to proceed against these defendants.

Plaintiff does not allege that nurses Harris and Butler had the authority to order soft shoes or prevented him from obtaining soft shoes in any way. Doc. 17. Rather, plaintiff alleges that they asked Paula Anderson about whether or not she had ordered the shoes, apparently in order to get the shoes for plaintiff. Id. As plaintiff fails to set forth a claim under § 1983 against them, he has not shown grounds for the addition of these individuals.

Plaintiff's motion to add Nurse Harris and Nurse Butler is DENIED. The Clerk is DIRECTED to forward a copy of plaintiff's complaint, doc. 1, plaintiff's motion to add parties, doc. 17, and this Order to the Marshal for service upon defendants Dr. Jones, P.A. Hiller, and Paula Anderson.

**SO ORDERED** this 22nd day of June, 2007.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA