# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| CURTIS RAY BALLOU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV606-109 |
| | ) | |
| LISA BOZEMAN, DR. TOMMY JONES, TIMMY HILLER, and, PAULA ANDERSON, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On December 6, 2006, Curtis Ray Ballou, while incarcerated at Georgia State Prison, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that Hugh Smith, Warden at Georgia State Prison, and Lisa Bozeman (formerly Lisa Waters) demonstrated deliberate indifference to his serious medical needs. (Doc. 1.) Following an initial screening of Ballou's complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed Warden Hugh Smith from the action and ordered service upon Ms. Waters. (Docs. 10 and 13.) On June

22, 2007, the Court granted plaintiff's motion to add Dr. Tommy Jones, Timmy Hiller, and Paula Anderson as defendants. (Doc. 19.) The U.S. Marshal was unable to serve Paula Anderson. See (Doc. 27) (remarking that "GSP Human Resources says no Paula Anderson has ever worked there.").

On October 5, 2007, the remaining defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. 28.) Included with their motion is a statement of uncontested material facts and a supporting brief. (Docs. 30 and 31.) Upon receipt of defendants' motion for summary judgment, the Clerk of Court issued a notice to Ballou warning him of the consequences that might follow if he failed to file a timely response to defendants' motion. (Doc. 29.) Among those potential consequences were (1) the entry of a final judgment for the defendants, and (2) the assumption that Ballou does not dispute the facts set forth in the defendants' statement of uncontested material facts. (Id.) The clerk's notice also informed Ballou of the October 28, 2007 response deadline. (Id.)

Despite the clear warnings in the clerk's notice, Ballou failed to file a timely response to defendants' motion for summary judgment. On November 2, 2007, Ballou filed several motions, including a motion to amend his complaint, a motion for an extension of time to complete discovery, and a "motion requesting delay." (Docs. 33-35.) In an order dated November 26, 2007, the Court granted Ballou a ten-day extension of time in which to respond to defendants' motion for summary judgment. (Doc. 36.) Eleven days later, on December 7, 2007, Ballou finally responded to defendants' summary judgment motion. (Doc. 37.) Although the Court may dismiss an action where the plaintiff fails to respond timely to a motion for summary judgment, the Court is mindful of Ballou's status as an inmate proceeding pro se and of his recent transfer to a different prison. Therefore, the Court will now address the defendants' summary judgment motion. For the reasons set forth below, defendants' motion for summary judgment should be **GRANTED**.

## I. BACKGROUND

Ballou alleges that he suffers from an Achilles' tendon cut that necessitates that he wear soft shoes (i.e., tennis shoes) rather than hard shoes. (Doc. 1 at 5.) Beginning on October 7, 2004, plaintiff sent letters to defendant Lisa Waters and various prison medical personnel asking them to order his soft shoes, but he claims the medical staff responded that he must provide his own. (Doc. 1.) Plaintiff's prison account is frozen, however, and he is unable to purchase soft shoes because he is indigent. (Id.) Plaintiff alleges that Dr. Jones ordered the soft shoe profile but refused to order shoes for plaintiff, before finally relenting and placing an order for soft shoes on December 19, 2006. (Doc. 17.) He further alleges that P.A. Hiller also told plaintiff that he must provide his own soft shoes. (Id.) Plaintiff alleges that Paula Anderson is the "supply personal" [sic] who places the orders for the prison doctors. (Id.) He alleges that on three separate occasions Anderson failed to order shoes for him despite her knowledge of Dr. Jones' order of December 19, 2006 and despite her repeated promises to do so. (Id.) Plaintiff claims that he is forced to wear boots whenever he leaves his cell, resulting in unbearable pain in violation of his

Eighth Amendment rights. (Doc. 1.) In his complaint as amended, he asks for injunctive and monetary relief.[1] (Doc. 36 at 2.)

## II. LEGAL ANALYSIS

### A. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To survive a motion for summary judgment, the nonmoving party must establish that there is a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585–86 (1986). If the record taken as a whole would preclude a rational fact finder from deciding in the non-moving party's favor, then no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Id.

---

[1] In his original complaint, plaintiff merely requested that the court "hear my claim and see if I'm right in seeking justice." (Doc. 1 at 6.)

5

## B. Deliberate Indifference

In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court held that the Eighth Amendment's proscription against cruel and unusual punishment prevents prison personnel from subjecting an inmate to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. The Eleventh Circuit has held that a delay in access to medical care that is "tantamount to 'unnecessary and wanton infliction of pain,'" may constitute deliberate indifference to a prisoner's serious medical needs. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam) (quoting Estelle, 429 U.S. at 104). But the Eleventh Circuit has also stated that some delay in rendering medical care may be tolerable, depending on the nature of the medical need and the reason for the delay. Harris v. Coweta County, 21 F.3d 388, 393-94 (11th Cir. 1994).

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and subjective inquiry." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003); Taylor v. Adams, 221 F.3d 1254, 1257

6

(11th Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995). "First, a plaintiff must set forth evidence of an objectively serious medical need." Farrow, 320 F.3d at 1243; Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. "Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." Farrow, 320 F.3d at 1243; Farmer v. Brennan, 511 U.S. 825, 834 (1994); McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999); Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999).

In order to establish a serious medical need, an inmate must show a medical need "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow, 320 F.3d at 1243 (citations omitted). It "must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.'" Id. (citation omitted).

"[A]n official acts with deliberate indifference when he or she knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." McElligott,

182 F.3d at 1255 (quoting Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425 (11th Cir. 1997)); Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989) (noting that "knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference"). "Even where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." McElligott, 182 F.2d at 1255; Harris v. Coweta County, 21 F.3d at 393-394; Brown v. Hughes, 894 F.2d at 1537-1539. "A core principle of Eighth Amendment jurisprudence in the area of medical care is that prison officials with knowledge of the need for care may not, by failing to provide care, delaying care, or providing grossly inadequate care, cause a prisoner to needlessly suffer the pain resulting from his or her illness." McElligott, 182 F.3d at 1257. With these considerations in mind, the Court will now turn to plaintiff's asserted grounds for relief.

Plaintiff alleges that defendants Lisa Waters/Bozeman, Timmy Hiller, and Paula Anderson were deliberately indifferent to his serious medical needs when they each refused to order the soft shoes that had been medically prescribed by the prison physician. (Docs. 1 and 17.) Denial of soft shoes to a prisoner who has a serious medical condition requiring the use of specialized footwear may constitute a violation of his Eighth Amendment rights. <u>Lopez v. Scribner</u>, No. CV-F-04-5595, 2007 WL 184831, at *11 (E.D.C.A. 2007) ("assuming that plaintiff had a sufficiently serious medical condition to warrant special shoes, during the relevant time period it was clearly established that prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'interfere with treatment once prescribed'"); <u>Estelle</u>, 429 U.S. at 104-105.

According to the defendants' affidavits, "if an inmate has a medical profile that permits him to wear soft shoes during the day, and the inmate is indigent and cannot afford to purchase his own soft shoes, standard policy requires that the medical provider order the inmate soft shoes with no cost to the inmate." (Doc. 32, Ex. A-

C.) The affidavits state that Georgia State Prison does not maintain a supply of soft shoes and that it normally takes about 60 days for an inmate to receive soft shoes once they are ordered. (Doc. 32, Ex. A.)

*1. Defendant P.A. Hiller*

Plaintiff alleges that defendant Hiller told him that he had to provide his own soft shoes and failed to ensure that he received soft shoes. (Doc. 17.) Defendant Hiller, formerly a Nurse Practitioner at Georgia State Prison, states in his affidavit that these allegations are false. (Doc. 32, Ex. B.)

Hiller maintains that when he saw plaintiff on December 19, 2006, he wrote him a soft shoe profile for one year. (Id.) On that same date, he also wrote a physicians' order for size 8 soft shoes for plaintiff so that the Georgia Department of Corrections would provide plaintiff with soft shoes. (Id.) Once a physician orders soft shoes for an inmate, a nurse and a clerk take the inmate's institutional file and are responsible for ensuring that the shoes are ordered from the shoe provider for the Georgia Department of Corrections. (Id.) Mr. Hiller's job duties do not include tracking

orders to ensure that inmates receive shoes in a timely manner. (Id.)

According to Rule 56(e), "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Thus, the party opposing summary judgment cannot create a question of material fact simply by denying the sworn evidence supporting the moving party's motion.

Plaintiff's response to defendants' motion for summary judgment fails to set forth any evidence refuting the facts set forth by defendant Hiller's affidavit. Nor does plaintiff's "Statement of Disputed Factual Facts and Issues" specifically refute the factual assertions set forth in Hiller's statement of material facts. (Doc. 39.); see Cockrell v. Sparks, 2007 WL 4439739, *3, n.2 (11th Cir.

2007); also see S.D. Ga. L.R. 56.1 (requiring that "[e]ach statement of material fact shall be supported by a citation to the record" and noting that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by a statement served by the opposing party"). Since there is no evidence that defendant Hiller was deliberately indifferent to plaintiff's medical needs, his motion for summary judgment should be **GRANTED**.

*2. Defendant Lisa Waters/Bozeman*

Plaintiff alleges that he sent letters to defendant Waters/Bozeman informing her that he was having trouble obtaining his soft shoes, and that she was deliberately indifferent to his serious medical needs when she refused to order the soft shoes that had been medically prescribed by a prison physician. (Doc. 1.) Bozeman denies his allegations. (Doc. 32, Ex. C.)

Lisa Bozeman (formerly Lisa Waters) works as the Health Services Administrator at Georgia State Prison. (Id.) At no time as the Health Services Administrator has she ever personally ordered shoes from the Union Supply Company. (Id.) Although plaintiff

claims that he wrote defendant Bozeman several times complaining that he had not received his soft shoes, after reviewing a log book where she keeps all of the letters that she receives from inmates, she concluded that the log book did not reflect that she had received any letters from inmate Ballou in which he complained about his soft shoes. (Id.) Mrs. Bozeman also does not recall ever personally receiving a letter from plaintiff complaining about his soft shoes. (Id.) In fact, she maintains that she was not aware that plaintiff had complained that he had not received his soft shoes until she received a copy of this lawsuit in 2007. (Id.)

Since plaintiff has failed to set forth evidence showing that defendant Bozeman was deliberately indifferent to his serious medical needs, Mrs. Bozeman is entitled to summary judgment on plaintiff's deliberate indifference claim.

*3. Defendant Tommy Jones*

Plaintiff alleges that Dr. Jones ordered the soft shoe profile but refused to order shoes for plaintiff, before finally relenting and placing an order for soft shoes on December 19, 2006. (Doc. 17.)

Dr. Jones, Medical Director at Georgia State Prison, denies that he failed to ensure that plaintiff received soft shoes. (Doc. 32, Ex. A.)

On October 2, 2004, Dr. Jones wrote plaintiff a soft shoe profile for one year. (Id.) On December 1, 2004, he wrote plaintiff another soft shoe profile for one year and completed a physician's order in which he ordered plaintiff size eight soft shoes. (Id.) On September 21, 2005, Dr. Jones wrote plaintiff a soft shoe profile for three months and noted on the physician's order form that "I/M will supply his own shoes." (Id.) Dr. Jones attests that he would not had made that notation unless plaintiff had told him that he would supply his own soft shoes. (Id.) On that same day, Dr. Jones also completed a Soft Shoe Profile Utilization Management (UM) Request Form, in which he requested that the UM approve plaintiff's soft shoe profile in order to ensure that UM would order soft shoes for plaintiff in addition to the soft shoes plaintiff told Dr. Jones he would supply himself. (Id.) On December 8, 2005, Dr. Jones signed yet another physician's order form which gave plaintiff a soft shoe profile for three months. (Id.) That order form, which was written by a Registered Nurse, noted that "I/M

provides own shoes." (Id.) On March 3, 2006, Dr. Jones wrote plaintiff a soft shoe profile for three months which noted "I/M will supply his own shoes." (Id.)

Plaintiff has failed to produce any evidence refuting Dr. Jones' assertions in his affidavit. The evidence shows that far from being deliberately indifferent to plaintiff's medical needs, Dr. Jones did everything in his power to ensure that plaintiff received soft shoes. In fact, in plaintiff's brief in opposition to defendants' summary judgment motion, he acknowledges that Dr. Jones ordered soft shoes for him on at least four occasions. (Doc. 38 at 3.) Plaintiff also admits that by this time, he has already received his soft shoes. (Id. at 4.) Since defendant Dr. Jones has shown he was not deliberately indifferent to plaintiff's medical needs, his motion for summary judgment should be **GRANTED**.

### C. Injunctive Relief

In his amended complaint, plaintiff seeks injunctive relief. (Doc. 36 at 2.) The plaintiff's claim for injunctive relief should be **DISMISSED** for the following reasons. First, plaintiff admits that he has received soft shoes since filing the instant action, thus

mooting his claim for injunctive relief. (Doc. 38 at 2.) Second, plaintiff has since moved from Georgia State Prison to Valdosta State Prison, which also moots his claim for injunctive relief. (Doc. 26.) "Absent class certification, an inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred." Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985); Dudley v. Stewart, 724 F.2d 1493, 1494-1495 (11th Cir. 1984). "Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects." Wahl, 773 F.2d at 1173; O'Shea v. Littleton, 414 U.S. 488, 495-496 (1974). Because plaintiff is no longer housed at the prison in which defendants are currently employed and because plaintiff has already received his soft shoes, his claim for injunctive relief should be **DISMISSED** as moot.

### D. Defendant Paula Anderson

On June 22, 2007, the court entered an order granting plaintiff's motion to add defendant Paula Anderson. (Doc. 19.) On September 21, 2007, the U.S. Marshal returned service after being

told by Human Resources at Georgia State Prison that "no Paula Anderson has ever worked there." (Doc. 27.)

Fed. R. Civ. P. 4(m) states that "if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant."

The Marshal could not locate Anderson, and she has not been served. Accordingly, plaintiff's claims against her should be dismissed without prejudice.

## III. CONCLUSION

For the foregoing reasons, the Court finds that plaintiff has failed to come forward with specific facts showing that there is a genuine issue for trial. While plaintiff appears to have a serious medical need, he has failed to produce evidence showing that

defendants were deliberately indifferent to that need. Accordingly, defendants' motion for summary judgment should be **GRANTED**.[2]

**SO REPORTED AND RECOMMENDED** this __31st__ day of January, 2008.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

[2] As plaintiff's claim fails on the merits, the Court finds it unnecessary to examine the defendants' claims of qualified immunity. Likewise, the Court will not explore defendants' claims that they cannot be held liable on the theory of respondeat superior.